8735

DOMINICK v. JONES, COMPTROLLER.

COMPTROLLER GENERAL — MANDAMUS — SINKING FUND COMMISSION — ATTORNEY'S FEES.—Under the act of 1912, p. 472, relating to the refunding of the State debt, the Sinking Fund Commission has the authority to approve and order paid out of the funds therein appro-

priated, the fees of an attorney for representing the Governor in litigation regarding the refunding, and it is the plain ministerial duty of the Comptroller General to issue his warrant for such amount.

Before MR. ASSOCIATE JUSTICE WATTS. Affirmed.

Petition by F. H. Dominick to Associate Justice Watts for writ of mandamus against A. W. Jones as Comptroller General.

From order refusing the writ, the Comptroller General appeals.

Both parties appear for themselves.

February 24, 1914. The opinion of the Court was delivered by

JUDGE S. W. G. SHIPP, *Acting Associate Justice.* This is an appeal from an order granted by Hon. R. C. Watts, Associate Justice of this Court, directing the issuance of a writ of mandamus against the appellant, A. W. Jones, as Comptroller General, requiring him to issue his warrant upon the State Treasurer in favor of the respondent, Fred. H. Dominick, for the sum of twelve hundred and fifty dollars in accordance with the direction and approval of the Sinking Fund Commission. The proceedings were commenced by petition, and Mr. Justice Watts issued a rule to show cause returnable before him, at his chambers, at Laurens, S. C., on July 2, 1913, to which rule the appellant made return. At the hearing, the Associate Justice, after considering the petition and return, and the minutes of the Sinking Fund Commission or a copy thereof, presented without objection, adjudged the return insufficient, and granted the order appealed from.

The appellant presents two exceptions, each exception assigning error in holding the return insufficient. Neither

exception can be sustained, if it be found that the record before the Associate Justice at the hearing developed the fact that there was a plain ministerial duty resting upon appellant as Comptroller General, which he refused to perform. From the record before him, Mr. Justice Watts found as matters of fact, that Fred. H. Dominick represented Governor Cole. L. Blease as attorney in the case of *State, ex rel. W. W. Ray* v. *Cole. L. Blease, et al.,* and that said employment as attorney for the Governor was approved by the. Attorney General; that he performed the services reasonably required of him; that he rendered his statement and claim to the Sinking Fund Commission; that after due notice to all the members thereof, the Sinking Fund Commission, after due consideration, approved the same, and ordered the same paid; that the appellant refused to pay this claim, although subsequent to the action of the Sinking Fund Commission in ordering the claim paid, the appellant introduced a resolution seeking to rescind the action of the Sinking Fund Commission in so far as the payment of this claim is concerned, and that said resolution failed to pass.

The foregoing facts were either not denied in the return or appeared from the minutes of the Sinking Fund Commission which were before the Associate Justice. From the facts above set forth, Mr. Justice Watts held that under section 8 of the act of 1912, at page 742, in reference to the refunding of the State debt, the Sinking Fund Commission had authority to order this claim paid, and that after the approval of the Sinking Fund Commission, the appellant had no discretion in the matter of the payment of the warrants approved and requested to be paid, and that the Court would not go beyond their action, as there was no charge of fraud.

If such conclusion of the law be correct, it is decisive of the appeal. Section 8 of the act referred to provides:

"That for the purposes of defraying the expenses to be incurred in carrying out the provisions of this act the sum of eight thousand dollars, if so much be necessary, is hereby appropriated to be drawn on the warrant of the Comptroller General to be approved by the Sinking Fund Commission." If it could be doubted that section 8 of the act gave such authority specifically, it would still be found in section 11 of the same act, which provides: "That the Sinking Fund Commission are hereby authorized, in their discretion, to perform all and singular every act necessary to carry out the provisions of this act not herein specifically given and which are not inconsistent with the provisions hereof." It cannot, therefore, be doubted that the Sinking Fund Commission had ample authority to pass upon the question of what expenses were necessary to carry out the provisions of the act, and to approve same and direct the payment thereof. These were matters committed to the judgment and discretion of the Sinking Fund Commission by the act itself.

Mr. Justice Hydrick, who delivered the opinion of the Court in the case of *State ex rel. Ray* v. *Blease et al.,* 95 S. C. 410, in considering the act of 1912 above referred to, says in reference to matters in the judgment and discretion of the Sinking Fund Commission, "but as to matters within their discretion, the commission is not subject to the control of the Court."

There is much in the return to the rule, as held by Mr. Justice Watts, that might have been properly presented to the commission for their consideration when passing on the claim in question, but which is not pertinent for the consideration of the Court.

It follows from the foregoing that the exceptions must be overruled and the order appealed from must be affirmed.

Order appealed from affirmed.